HANNAH G. WING, *in Eq.*, *versus* DANIEL M. AYER & *als.*

A bill in equity brought by a widow to redeem a mortgage given by her husband, in order that she may have dower in the equity of redemption, must distinctly set forth a seizin of the husband during coverture in such an estate as would entitle her to dower.

A bill which, after setting out the deed to, and the mortgage from her husband, alleges "that during her coverture with the said F.," her husband, "the said F. was seized and possessed of the equity of redemption of the" land described; and "that, by reason of the aforesaid conveyances to and from her said husband, she took and had an inchoate right of dower in the equity of redemption of said land;" and "upon the decease of her said husband she became dowable therein," &c., is not sufficient on demurrer.

BILL IN EQUITY, setting forth substantially that the complainant was married to one J. M. Fogg, Dec. 11, 1855, with whom she lived until June 5, 1858, when the said Fogg deceased; that, "during her coverture with said Fogg, he was seized and possessed of the equity of redemption of two certain parcels of land situate in Lewiston, county of Androscoggin, and adjoining each other, the same having been conveyed to the said Fogg during his intermarriage with" the complainant, that one of said parcels described was conveyed to said Fogg by Thomas Nesmith, by deed of warranty dated June 23, 1857; that the parcel described was conveyed to said Fogg by said Nesmith and one A. C. Wheelock by their warranty deed of same date as the former; that said Fogg, on same day, by his deed of mortgage in which the complainant did not join, conveyed in mortgage both said parcels to said Nesmith, conditioned that, if said

Fogg, his heirs, &c., should pay to said Nesmith, his heirs, &c., a sum named, at a time named, then said mortgage should be void, otherwise should remain in full force; that said Fogg thereupon entered into possession, and expended large sums of money in erecting a dwellinghouse and other buildings, and remained in possession until his death; "that, by reason of the aforesaid conveyances to and from her said husband, she took and had an inchoate right of dower in the equity of redemption of both of said parcels of land, and upon the decease of her said husband she became dowable therein and entitled to be endowed of one-third part of said equity and thereby and by reason thereof has the right to redeem the said mortgaged lands in order that she may be let into the enjoyment of her reasonable dower aforesaid;" that, on April 22, 1858, said Fogg mortgaged part of said premises (described) to one David M. Ayer, one of said respondents, to secure $200, in which last named mortgage the complainant did not join, nor in any wise release her right of dower; that, after said Fogg's decease, letters of administration of his estate were granted to one Jones, who, on June 7, 1859, by license from the Judge of Probate, for a consideration named, sold to said Ayer all the right, title and interest which the said Fogg had, at the time of his decease, in and to the whole of both parcels of land aforesaid, and executed and delivered a deed of the same, whereby said Ayer became owner of said Fogg's equity of redemption; that said Ayer thereupon took possession thereof and of the rents and profits; that, on Nov. 4, 1862, said Nesmith executed and delivered an assignment of the former mentioned mortgage to said Ayer, who thereupon took possession under the same, &c.; that, on Nov. 6, 1862, said Ayer, by his deed of warranty, in consideration of $1800, conveyed to Jotham P. Norton, another of the respondents, a part of said mortgaged lands (described); that said Norton thereupon took possession of the same, &c.; that said Norton, on March 29, 1865, conveyed said premises last mentioned, in consideration of $3500, to John Goss, another

of said respondents, who thereupon took possession of same and still holds the same, &c.; that, on Nov. 13, 1865, she made the legal demands in writing of each of said respondents, of a true account of the sum due, &c.; but that they each unreasonably neglected and refused to render such account. She therefore prayed for an account, offering to pay whatever should be found due, &c.

The respondents demurred, and the complainant joined the demurrer.

*H. C. Goodenow,* for the respondents,—

To the point that the bill did not sufficiently set out such a seizin in the husband as would entitle the complainant to dower, cited R. S., c. 104, §§ 2 and 3; Oliver's Prec. 654; Curtis' Eq. Prac., 58, 87; *Foster* v. *Dwinel,* 49 Maine, 44; *Gammon* v. *Freeman,* 31 Maine, 243; *Freeman* v. *Freeman,* 39 Maine, 426; *Messiter* v. *Wright,* 16 Pick., 151; *May* v. *Parker,* 12 Pick., 24.

*S. & J. W. May,* for the complainant.

The allegation that, "by reason of the conveyances aforesaid to and from her said husband, she (the complainant) took and had an inchoate right of dower in the equity of redemption in both of said parcels of land," is sufficient on demurrer, since the fact is thereby admitted, that the conveyances were one transaction, otherwise complainant would be entitled to dower in the whole instead of in the equity of redemption. *Tudor* v. *Cambridge Water Works,* 1 Allen, 164.

It is not necessary to set forth minutely the mode of proof of an alleged fact. *Lovell* v. *Farrington,* 50 Maine, 239; *Pratt* v. *Bacon,* 10 Pick., 128; *Wright* v. *Dame,* 22 Pick., 58.

APPLETON, C. J.,—The plaintiff, claiming dower in an equity of redemption of certain lands mortgaged by her husband during coverture, brings this bill to redeem, to which the defendants demur.

The bill must affirmatively show that the Court has jurisdiction. It does not distinctly set forth that the husband was seized during coverture of an estate *in fee* or of any estate in which the wife would be dowable in the lands mortgaged. The bill should show such seizin in the husband as would entitle the wife to dower. *Freeman* v. *Freeman*, 39 Maine, 426. *The demurrer is sustained.*

CUTTING, WALTON, DICKERSON and TAPLEY, JJ., concurred.